Coleman Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

| | |
|---|---|
| CODING TECHNOLGIES, LLC, §<br>§<br>§ | |
| Plaintiff, § | Case No.: 1:17-cv-23714 |
| § | |
| vs. § | |
| § | **COMPLAINT** |
| MERCEDES-BENZ USA, LLC, § | |
| § | **INJUNCTIVE RELIEF DEMANDED** |
| Defendant. § | |
| § | **JURY TRIAL DEMANDED** |
| § | |
| § | |
| § | |

Plaintiff, CODING TECHNOLGIES, LLC, sues Defendant, MERCEDES-BENZ USA, LLC, and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for infringement of United States Patent No. 8,540,159 under the Patent Act, 35 U.S.C. § 271, *et seq.*, based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of infringing products and services in the United States.

### PARTIES

2.     Plaintiff, CODING TECHNOLOGIES, LLC, is a foreign limited liability company, organized under the laws of the State of Texas.

3.     Defendant, MERCEDES-BENZ USA, LLC, is a foreign corporation with its

headquarters located in Atlanta, Georgia.  Defendant uses, sells, and/or offers to sell products and services in interstate commerce that infringe the '159 Patent.

## SUBJECT MATTER JURISDICTION

4.      This court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a federal question relating to patents.

## PERSONAL JURISDICTION

5.      The court has general *in personam* jurisdiction over Defendant because Defendant is a citizen of the State of Florida and is found in this state.

## VENUE

6.      Venue is proper in this court, pursuant to 28 U.S.C. § 1400(b), because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

## COUNT I
## PATENT INFRINGEMENT

7.      Plaintiff repeats and re-alleges paragraphs 2 through 6 by reference, as if fully set forth herein.

8.      On September 24, 2013, the United States Patent & Trademark Office (USPTO) duly and legally issued the '159 Patent, entitled "Method for Providing Mobile Service Using Code Pattern."  A true and authentic copy of the '159 Patent is attached hereto as **Exhibit "A"** and incorporated herein by reference.

9.      The '159 Patent teaches a method and apparatus for providing a mobile service with the use of code pattern.

10.     The '159 Patent is directed to computerized decoding technologies to provide

users with access to and use of various content more conveniently.  Traditionally, companies simply provided their URL information to the consuming public, but this is effective only if a consumer memorized the name and spelling of the URL.  Thus, there was a need in the art to provide an effective product or method to assist consumers with recalling website or URL information.

11.     The '159 Patent claims, among other things, a method of providing content with the use of code pattern by a user terminal; a user terminal for providing content with the use of code pattern; a non-transitory machine-readable storage medium having encoded thereon program code; and, a method of providing content with the use of an image captured by a user terminal.

12.     Collectively, the claimed embodiments in the '159 Patent provide new solutions to problems related to transmitting information from a mobile service provider to a mobile device.

13.     The '159 Patent solves a problem with the art that is rooted in computer technology that uses mobile service providers.  The '159 Patent does not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

14.     Plaintiff is the assignee of the entire right, title, and interest in the '159 Patent at the USPTO, including the right to assert causes of action arising under the '159 Patent.

15.     Upon information and belief, Defendant has and continues to directly infringe, contributorily infringe, or actively induce the infringement of the '159 Patent by making, using (including by at least internally testing the Accused Products as defined herein), selling, offering for sale, importing in the United States, including this judicial district, a user terminal designed

to capture certain code pattern information and convert same into embedded content, which embodies or uses the invention claimed in the '159 Patent (the "Accused Products"), all in violation of 35 U.S.C. § 271.

16.     The Accused Products infringe at least claims 1, 2, 3, 4, 8, 9, 10, 11, 15, and 16 of the '159 Patent.

### *Claim 1*

17.     Through claim 1, the '159 Patent claims a method of providing content with the use of a code pattern by a user terminal, the method comprising: obtaining a photographic image of a code pattern by a camera of the user terminal; processing, by a processor of the user terminal, the photographic image of the code pattern to extract the code pattern from the photographic image; decoding the extracted code pattern by the processor of the user terminal into code information; transmitting a content information request message to a server based on the code information; and receiving content information from the server in response to the content information request message.

18.     Defendant infringes claim 1.

19.     Defendant, at least in internal use and testing, practices a method of providing content (*e.g.*, a web page associated with the defendant) with the use of a code pattern (*e.g.*, a QR code) by a user terminal (*e.g.*, a smartphone), as demonstrated in the following images:

**To download a QR reader:**
- Go to your device's app store and search for QR readers.
- Download the reader you prefer.

**To scan the QR code within Mercedes-Benz vehicles:**
- Open the QR reader app on your smartphone or tablet and find one of the two QR code decals located on the vehicle.
- Hold your device in front of the decal, press the button to scan, or wait until the reader focuses and takes you to the vehicle's schematic.



**To see what a sample schematic looks like, scan the QR code here.**
For more information, contact your dealership or visit www.mbusa.com/rescueassist.

PSMKG-0314-RSQFL





20.     Defendant, at least in internal use and testing, obtains a photographic image of a code pattern (*e.g.*, QR code) by a camera of the user terminal (*e.g.*, smartphone), as shown below:




21.     Defendant, at least in internal use and testing, processes by a processor of the user terminal (*e.g.*, smartphone), the photographic image of the code pattern (*e.g.*, QR code) to view and extract the code pattern from the photographic image, as shown below:

iPhone 7                                                           Overview

Chip



A10 Fusion chip with 64-bit architecture

Embedded M10 motion coprocessor

 

22.     Defendant, at least in internal use and testing, decodes the extracted code pattern by the processor of the user terminal from the QR code into code information (*e.g.*, URL of web page associated with the defendant), as shown below:



23.     Defendant, at least in internal use and testing, transmits a content information request message (*e.g.*, http request message for accessing the webpage associated with Defendant) to a server (*e.g.*, Defendant's server) based on the code information (*e.g.*, URL of the webpage associated with Defendant).  Once the URL is decoded from the extracted QR code, a

request for accessing a webpage associated with Defendant is sent to Defendant's server.

24.     Defendant, at least in internal use and testing, receives content information (*e.g.*, a web page associated with Defendant) from the server (*e.g.*, Defendant's server) in response to the content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant).  As shown below, the terminal (*e.g.*, smartphone) receives content information (*e.g.*, webpage associated with Defendant).








*Claim 2*

25.     Through claim 2, the '159 Patent claims the method of claim 1, wherein the content information comprises at least one of the following: image, sound, moving picture, and text data.

26.     Defendant infringes claim 2.

27.     Defendant uses a user terminal to receive content information that comprises image and text data, as shown below:



***Claim 3***

28.     Through claim 3, the '159 Patent claims the method of claim 1, wherein the transmitting a content information request message includes: extracting a uniform resource locator (URL) of the server from the code information; and transmitting the content information request message to the server based on the extracted URL.

29.     Defendant infringes claim 3.

30.     Defendant transmits a content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant) which includes extracting URL of the server and transmitting the content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant) to the server (*e.g.*, Defendant's server) based on the extracted URL.

***Claim 4***

31.     Through claim 4, the '159 Patent claims the method of claim 1, wherein at the

server, including: receiving the content information request message from the user terminal; extracting requested content information from a database based on the content information request message; and transmitting the extracted content information to the user terminal.

32.   Defendant infringes claim 4.

33.   Defendant, at least in internal use and testing, utilizes a server for receiving the content information request (*e.g.*, http GET request) from a user terminal (*e.g.*, smartphone).  As shown below, a HTTP CONNECT request is sent from the user terminal to an intermediate system to access web page located at a certain URL.  The intermediate system then transmits the received request to Defendant's web server.

```
GET http://rk.mb-qr.com/222.1 HTTP/1.1
Host: rk.mb-qr.com
X-NewRelic-ID: VQUPUFNbDhACUFdXDwg8Xg==
Proxy-Connection: keep-alive
Upgrade-Insecure-Requests: 1
sl_webView: TRUE
Accept: text/html,application/xhtml+xml,application/xml;q=0.9,*/*;q=0.8
User-Agent: Mozilla/5.0 (iPhone; CPU iPhone OS 10_3_2 like Mac OS X) AppleWebKit/603.2.4 (KHTML, like Gecko) Mobile/14F89
Accept-Language: en-us
Accept-Encoding: gzip, deflate
Connection: keep-alive
```

```
HTTP/1.1 302 FOUND
Date: Thu, 22 Jun 2017 10:56:18 GMT
Server: Apache
Vary: Accept-Language,Cookie
Content-Language: en
Location: http://rk.mb-qr.com/en/222.1/
X-Content-Type-Options: nosniff
X-Frame-Options: sameorigin
Content-Length: 0
Keep-Alive: timeout=5, max=100
Connection: Keep-Alive
Content-Type: text/html; charset=utf-8
```

34. Defendant, at least in internal use and testing, retrieves content (*e.g.*, HTML content) on the basis of received request. As shown in images below the server seems to respond to the request with encrypted content.

```
GET http://rk.mb-qr.com/en/222.1/ HTTP/1.1
Host: rk.mb-qr.com
Accept: text/html,application/xhtml+xml,application/xml;q=0.9,*/*;q=0.8
Proxy-Connection: keep-alive
Upgrade-Insecure-Requests: 1
sl_webView: TRUE
If-Modified-Since: Thu, 22 Jun 2017 06:25:02 GMT
User-Agent: Mozilla/5.0 (iPhone; CPU iPhone OS 10_3_2 like Mac OS X) AppleWebKit/603.2.4 (KHTML, like Gecko) Mobile/14F89
Accept-Language: en-us
Accept-Encoding: gzip, deflate
Connection: keep-alive
```

```
HTTP/1.1 200 OK
Date: Thu, 22 Jun 2017 10:56:18 GMT
Server: Apache
Content-Language: en
Content-Encoding: gzip
Expires: Thu, 22 Jun 2017 11:06:18 GMT
Vary: Accept-Language,Cookie,Accept-Encoding
Cache-Control: max-age=600
Content-Length: 1591
Last-Modified: Thu, 22 Jun 2017 10:56:18 GMT
X-Content-Type-Options: nosniff
X-Frame-Options: sameorigin
Keep-Alive: timeout=5, max=99
Connection: Keep-Alive
Content-Type: text/html; charset=utf-8

....R.KY...Y[o.6.~..`5`h.R.....6.4iQ....+vA P.......;.mo.c;.,[.....0,..[................|...)..X...(.......).^.f...L..$.
.S.\.B8t,......./(]i........jo....Wh..u..?{.zQ...a.3..S`.h..f$.2.@..\..q...j.Q...lh.J.9.o.8c....;M4$...t...^.S.
04Nj......c..C........y..).........
%.4O....3.p..R.&..HO...x...y...9.T.L....\.  bh).........bj.k'T."S  ...(..f.  ..l#.....A.$K...^,.6.s(.~.;g.....G.
2{D.pm.R9...15q..|f.<./.kN9.  ......d3V.Z.......J......k...qv......t...hQ.g Y..........z....R...T....
$.........0.O@.. .I........i<.43.c6..
...c...O...l5..6b...b...*..Q...6~......./...S....,;$...<...$2.. K..(7...L.[V[.....c...a..m....[...^.....F9PC.T..P...
{...3...[....2IZ.ae...i"..$.........+.fv.`>.@z;[.89..Z.%.Zk'x..|.(cC.....(d#.H:&^.m...nP...TF.md..!.6".rZ0..Ec.]yec!
```

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

35.   Defendant, at least in internal use and testing, utilizes a server for transmitting the content information (*e.g.*, HTML data) to the user terminal (*e.g.*, smartphone).  As shown below, a response is sent from the server to an intermediate system. The intermediate system then transmits the received content to the user terminal.

| Time | Source | Destination | Length | Protocol | Info |
|---|---|---|---|---|---|
| 886 23.834153 | 192.168.1.103 | 192.168.1.100 | 66 | TCP | 49352 → 8888 [ACK] Seq=339 Ack=543 Win=131200 Len=0 TSval=499361854 TSecr=32127565 |
| 887 23.834153 | 192.168.1.103 | 192.168.1.100 | 66 | TCP | 49352 → 8888 [ACK] Seq=339 Ack=566 Win=131200 Len=0 TSval=499361854 TSecr=32127565 |
| 888 23.846337 | 217.110.61.74 | 192.168.1.100 | 54 | TCP | 80 → 63091 [ACK] Seq=1 Ack=433 Win=30336 Len=0 |
| 889 23.849694 | 217.110.61.74 | 192.168.1.100 | 399 | HTTP | HTTP/1.1 302 FOUND |
| 890 23.849870 | 192.168.1.100 | 192.168.1.103 | 411 | HTTP | HTTP/1.1 302 FOUND |
| 891 23.854066 | 192.168.1.103 | 192.168.1.100 | 66 | TCP | 49353 → 8888 [ACK] Seq=458 Ack=346 Win=131392 Len=0 TSval=499361873 TSecr=32127567 |
| 892 23.886092 | 192.168.1.103 | 192.168.1.100 | 536 | HTTP | GET http://rk.mb-qr.com/en/222.1/ HTTP/1.1 |
| 893 23.886473 | 192.168.1.100 | 217.110.61.74 | 499 | HTTP | GET /en/222.1/ HTTP/1.1 |
| 894 23.943058 | 192.168.1.100 | 192.168.1.103 | 66 | TCP | 8888 → 49353 [ACK] Seq=346 Ack=928 Win=16896 Len=0 TSval=32127576 TSecr=499361904 |
| 895 24.239456 | 217.110.61.74 | 192.168.1.100 | 54 | TCP | 80 → 63091 [ACK] Seq=346 Ack=878 Win=31360 Len=0 |
| 896 24.296421 | 52.0.168.29 | 192.168.1.100 | 990 | TLSv1.2 | Application Data |
| 897 24.296515 | 192.168.1.100 | 192.168.1.103 | 1002 | TLSv1.2 | Application Data |
| 898 24.346138 | 192.168.1.100 | 52.0.168.29 | 54 | TCP | 63082 → 443 [ACK] Seq=1329 Ack=12044 Win=15616 Len=0 |
| 899 24.477625 | 192.168.1.103 | 192.168.1.100 | 66 | TCP | 49342 → 8888 [ACK] Seq=1509 Ack=12151 Win=128640 Len=0 TSval=499362410 TSecr=32127612 |
| 900 24.477626 | 217.110.61.74 | 192.168.1.100 | 642 | HTTP | [TCP Previous segment not captured] Continuation |
| 901 24.477626 | 217.110.61.74 | 192.168.1.100 | 1514 | TCP | [TCP Out-Of-Order] 80 → 63091 [ACK] Seq=346 Ack=878 Win=31360 Len=1460 |
| 902 24.477627 | 192.168.1.103 | 192.168.1.100 | 718 | TLSv1.2 | Application Data |
| 903 24.477693 | 192.168.1.100 | 217.110.61.74 | 66 | TCP | [TCP Dup ACK 893#1] 63091 → 80 [ACK] Seq=878 Ack=346 Win=16128 Len=0 SLE=1806 SRE=2394 |
| 904 24.477796 | 192.168.1.100 | 217.110.61.74 | 54 | TCP | 63091 → 80 [ACK] Seq=878 Ack=2394 Win=16384 Len=0 |
| 905 24.477895 | 192.168.1.100 | 52.0.168.29 | 706 | TLSv1.2 | Application Data |
| 906 24.477909 | 192.168.1.100 | 192.168.1.103 | 523 | TCP | [TCP segment of a reassembled PDU] |
| 907 24.477971 | 192.168.1.100 | 192.168.1.103 | 1514 | TCP | [TCP segment of a reassembled PDU] |
| 908 24.477988 | 192.168.1.100 | 192.168.1.103 | 209 | HTTP | HTTP/1.1 200 OK  (text/html) |
| 909 24.502608 | 192.168.1.103 | 192.168.1.100 | 66 | TCP | 49353 → 8888 [ACK] Seq=928 Ack=803 Win=130944 Len=0 TSval=499362519 TSecr=32127630 |

### Claim 8

36.   Through claim 8, the '159 Patent claims a user terminal for providing content with the use of a code pattern, the user terminal comprising: a camera configured to obtain a photographic image of a code pattern; a processor comprising: an image processor configured to process the photographic image of the code pattern to extract the code pattern from the photographic image; and a decoder configured to decode the extracted code pattern into code

information; and a transceiver configured to (i) transmit a content information request message to a server based on the code information; and (ii) receive content information from the server in response to the content information request message.

37.    Defendant infringes claim 8.

38.    Defendant, at least in internal use and testing, uses a user terminal (*e.g.*, smartphone) for providing content (*e.g.*, a web page associated with Defendant) with the use of a code pattern (*e.g.*, QR code).

39.    Defendant uses a user terminal comprising a camera configured to obtain a photographic image of a code pattern (*e.g.*, QR code).

40.    Defendant uses a user terminal comprising a processor which in turn comprises an image processor configured to process the photographic image of the code pattern (*e.g.*, QR code) to extract the code pattern (*e.g.*, QR code) from the photographic image.  Once the photographic image of the QR code is captured by the camera of the smartphone, the photographic image is processed to retrieve the QR code.  The retrieved QR code can be viewed on the user interface screen of the smartphone.

41.    Defendant uses a user terminal (*e.g.*, smartphone) comprising a decoder that is configured to decode the extracted code pattern (*e.g.*, QR code) into code information (*e.g.*, URL of web page associated with Defendant).

42.    Defendant uses a user terminal comprising a transceiver (*e.g.*, FDD- LTE/TDD - LTE/CDMA//EDGE transceiver) which is configured to transmit or receive a content information request message (*e.g.*, http request message for accessing the webpage associated with Defendant) to a server (*e.g.*, Defendant's server) based on the code information (*e.g.*, URL of the webpage associated with Defendant).  As shown below, once the URL is decoded from the

extracted QR code, a request or response for accessing a webpage associated with Defendant is

sent to Defendant's server by means of transceiver of the smartphone:




**QR-Code    Scan    Decode    Action**

### *Claim 9*

43.    Through claim 9, the '159 Patent claims the user terminal of claim 8, wherein the content information comprises at least one of the following: image, sound, moving picture, and text data.

44.    Defendant infringes claim 9.

45.    Defendant uses a user terminal to receive content information that comprises image and text data.

### *Claim 10*

46.    Through claim10, the '159 Patent claims the user terminal of claim 8, wherein: the processor is further configured to extract a uniform resource locator (URL) of the server from the code information; and the transceiver is further configured to transmit the content information request message to the server based on the extracted URL.

47.    Defendant infringes claim 10.

48.    Defendant uses a user terminal (*e.g.*, smartphone) that is configured to extract a uniform resource locator (URL) of the server (*e.g.*, Defendant's server) from the code information (*e.g.*, URL of web page associated with Defendant).

49.    Defendant uses a user terminal (*e.g.*, smartphone) comprising a transceiver

configured to transmit the content information request message (*e.g.*, http request message for accessing the webpage associate with Defendant) to the server (*e.g.*, Defendant's server) based on the extracted URL.

### Claim 11

50.     Through claim 11, the '159 Patent claims the user terminal of claim 8, wherein the server is configured to receive the content information request message from the user terminal; extract requested content information from a database based on the content information request message; and transmit the extracted content information to the user terminal.

51.     Defendant infringes claim 11.

52.     Defendant, at least in internal use and testing, utilizes a server for receiving the content information request (*e.g.*, http GET request) from a user terminal (*e.g.*, smartphone).  A HTTP CONNECT request is sent from a user terminal to an intermediate system to access a certain web page. The intermediate system transmits the received request to Defendant's web server.

53.     Defendant, at least in internal use and testing, retrieves content (*e.g.*, HTML content) on the basis of received request.  Defendant's server then responds to the request with encrypted content.

54.     Defendant, at least in internal use and testing, utilizes a server for transmitting the content information (*e.g.*, HTML data) to the user terminal (*e.g.*, smartphone).  A response is sent from the server to an intermediate system. The intermediate system then transmits the received content to the user terminal.

### Claim 15

55.     Through claim 15, the '159 Patent claims a non-transitory machine-readable

storage medium, having encoded thereon program code, wherein, when the program code is executed by a machine, the machine implements a method for providing content with the use of a code pattern by a user terminal, comprising the steps of: obtaining a photographic image of a code pattern by a camera of the user terminal; processing, by a processor of the user terminal, the photographic image of the code pattern to extract the code pattern from the photographic image; decoding the extracted code pattern by the processor of the user terminal into code information; transmitting a content information request message to a server based on the code information; and receiving content information from the server in response to the content information request message.

56.     Defendant infringes claim 15.

57.     Defendant, at least in internal use and testing, practices a method of providing content (*e.g.*, a webpage associated with Defendant) with the use of a code pattern (*e.g.*, a QR code) by a user terminal (*e.g.*, a smartphone).

58.     Defendant, at least in internal use and testing, obtains a photographic image of a code pattern (*e.g.*, QR code) by a camera of the user terminal (*e.g.*, smartphone).

59.     Defendant, at least in internal use and testing, uses a processor of the user terminal (*e.g.*, smartphone) to processes the photographic image of the code pattern (*e.g.*, QR code) to extract the code pattern from the photographic image.

60.     Defendant, at least in internal use and testing, decodes the extracted code pattern by the processor of the user terminal into code information (*e.g.*, URL of web page associated with Defendant).

61.     Defendant, at least in internal use and testing, transmits and receives a content information request message (*e.g.*, http request message for accessing the webpage associated

with Defendant) to and from a server (*e.g.*, Defendant's server) based on the code information (*e.g.*, URL of the webpage associated with Defendant).

### *Claim 16*

62.     Through claim 16, the '159 Patent claims a method of providing content with the use of an image captured by a user terminal, the method comprising: obtaining a photographic image by a camera of the user terminal; processing, by a processor of the user terminal, the photographic image to extract characteristic information from the photographic image; transmitting a content information request message with the extracted characteristic information to a server; and receiving content information from the server in response to the content information request message.

63.     Defendant infringes claim 16.

64.     Defendant, at least in internal use and testing, practices a method of providing content (*e.g.*, a webpage associated with Defendant) with the use of a code pattern (*e.g.*, a QR code) by a user terminal (*e.g.*, a smartphone).

65.     Defendant, at least in internal use and testing, obtains a photographic image of a code pattern (*e.g.*, QR code) by a camera of the user terminal (*e.g.*, smartphone).

66.     Defendant, at least in internal use and testing, processes by a processor of the user terminal (*e.g.*, smartphone), the photographic image of the code pattern (*e.g.*, QR code) to extract characteristic information from the photographic image.

67.     Defendant, at least in internal use and testing, transmits and receives a content information request message (*e.g.*, http request message for accessing the webpage associated with Defendant) to or from a server (*e.g.*, Defendant's server) based on the extracted characteristic information (*e.g.*, URL of the webpage associated with Defendant).

68.     Upon information and belief, Defendant has known of the existence of the '159 Patent, and its acts of infringement have been willful and in disregard for the '159 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

69.     Defendant's acts of infringement of the '159 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

70.     Defendant's acts of infringement of the '159 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are also enjoined by this court pursuant to 35 U.S.C. § 283.  Plaintiff has no adequate remedy at law.

71.     Upon information and belief, the '159 Patent, at all times material, was and is in compliance with 35 U.S.C. § 287.

72.     Plaintiff retained the law firm of WATSON LLP to represent its interests in this action, and is obligated to pay such firm reasonable attorneys' fees for its services.  Plaintiff may recover its attorneys' fees and costs from Defendant, pursuant to 35 U.S.C. § 285, because this case is exceptional.

**WHEREFORE**, Plaintiff, CODING TECHNOLOGIES, LLC, demands judgment against Defendant, MERCEDES-BENZ USA, LLC, and respectfully seeks the entry of an order (i) adjudging that Defendant has infringed the '159 Patent, in violation of 35 U.S.C. § 271; (ii) granting an injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '159 Patent; (iii) ordering Defendant to account and pay damages adequate to compensate Plaintiff for Defendant's infringement of the '159 Patent, with pre-

judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; (iv) ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284; (v) declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and, (vi) awarding such other and further relief as this court deems just and proper.

**DATED** on October 11, 2017

Respectfully submitted,

*/s/ Coleman W. Watson, Esq.*

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
       docketing@watsonllp.com
**Alberto T. Montequin, Esq.**
Florida Bar No. 0093795
Email: alberto@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue
Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Plaintiff,*
CODING TECHNOLOGIES, INC.